UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY KEENAN,

          Plaintiff,

   v.

BNSF RAILWAY COMPANY, a
Delaware corporation,

          Defendant.

CASE NO. C07-130BHS

ORDER DENYING
DEFENDANT'S MOTION
FOR PROTECTIVE ORDER
PURSUANT TO FED. R. CIV.
P. 26(c)

This matter comes before the Court on Defendant's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion, portions of the deposition videos,[1] and the remainder of the file, and hereby denies the motion for the reasons stated herein.

## I. BACKGROUND AND DISCUSSION

Pending before the Court is Defendant's Motion for Protective Order (Dkt. 29). The motion is noted for consideration on March 3, 2008. By stipulation, Plaintiff responded to the motion on March 4, 2008. *See* Dkts. 32, 33. Defendant replied on March 13, 2008. Dkt. 40. The motion has been fully briefed and is therefore ripe for consideration.

Defendants contend that Plaintiff's counsel has engaged in a "pattern of coaching and speaking objections" during the deposition of Plaintiff, Dr. Suter, and Dr. Lipscomb, and seeks a protective order to prevent such conduct in the future. Dkt. 29 at 3.

---

[1] The video files of Dr. Suter's deposition could not be opened and therefore were not reviewed.

ORDER - 1

Protective orders are governed by Federal Rule of Civil Procedure 26(c), which provides in part as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

With respect to conduct during depositions, the parties have previously been ordered as follows:

> The only objections that should be raised at the deposition are those involving a privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the responsiveness of the answer), or that the question seeks information beyond the scope of discovery. Objections on other grounds are unnecessary and should generally be avoided. All objections should be concise and must not suggest answers to, or otherwise coach, the deponent. Argumentative interruptions will not be permitted.

Dkt. 5 at 1.

In objecting to questions posed by Defendant's counsel, Plaintiff's counsel, in particular instances, stated not only the basis for the objection but also the argument or reason for making the objection. This method of making objections runs the risk that the witness will repeat the objecting attorney's rationale, as in the following examples:

> Q. So you understood when you signed the release it was a full and final settlement, true?
>
> MR. MOYERS: Well, object to the form. That's actually not true. He's not a lawyer.
>
> Q. Go ahead, sir.
>
> A. I'm not a lawyer I couldn't say.
>
> * * *
>
> Q. Can you think of any information that you would need about hearing loss other than what's on those videos that we just showed you, Exhibits 34 and 35.

ORDER - 2

> MR. MOYERS: Object. Form and foundation. He's not an audiologist.
>
> Q. Go ahead, sir.
>
> A. I'm not an audiologist but I think that should be sufficient to say you need to wear hearing protection.

Dkt. 29, Exh. A at 13, Exh. B at 15.

In the videos, it does not appear that the witness' repetition of the objecting attorney's commentary rises to the level of "coaching" by the objecting attorney. Such commentary is unnecessary, however. Counsel defending a deposition may preserve objections to the form of the questions posed by objecting and stating the basis for the objection in a concise manner. The rationale behind the objection may be presented to the Court at a later time and need not, and should not, be made part of the deposition record. Stating the rationale behind an objection could be construed as an "argumentative interruption" and runs the risk of unnecessarily interfering with the deposition and detracting from the questions posed. *See* Dkt. 5 at 1. Ultimately, it appears from the Court's review of the deposition videotapes that Defendant's questions were answered despite the objections and that the objections were brief and did not unnecessarily interrupt the depositions. Defendant's motion is therefore denied.

### III. ORDER

**ORDERED** that Defendant's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (Dkt. 29) is **DENIED** .

DATED this 8th day of April, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3