UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY KEENAN,<br><br>            Plaintiff,<br><br>   v.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware corporation,<br><br>            Defendant. | CASE NO. C07-130BHS<br><br>ORDER DENYING<br>DEFENDANT'S MOTION TO<br>RECONSIDER |

This matter comes before the Court on Defendant's Motion to Reconsider (Dkt. 72). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file, and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2008, Defendant BNSF Railway Company ("BNSF") deposed Plaintiff Roy Keenan's proffered expert, Robert A. Dobie, M.D. *See* Dkt. 44, Exh. B at 10. When noting Dr. Dobie's deposition, BNSF asked Dr. Dobie to produce the following items at his deposition: (1) Dr. Dobie's entire file as it relates to Mr. Keenan and (2) documents and materials relied upon to support Dr. Dobie's opinions. Dkt. 44, Exh. A at 8.

At his deposition, Dr. Dobie referenced the following materials, which he did not bring with him to the deposition: (1) the retention agreement between Dr. Dobie and

ORDER - 1

1  Plaintiff's counsel, (2) the billing records for work Dr. Dobie performed for Plaintiff's
2  counsel, (3) Dr. Dobie's general file regarding his relationship with Plaintiff's counsel,
3  (4) Dr. Dobie's declaration and attachments reviewed during Dr. Dobie's deposition, (5) a
4  Kimbel, Department of Labor, and/or FRA study regarding trainman and noise exposure
5  levels, and (6) a study by Dr. Peter Rabinowitz referenced during Dr. Dobie's deposition.
6  *See* Dkt. 44, Exh. B at 10.

7  On March 19, 2008, BNSF moved to compel production of those documents. Dkt.
8  44. In the response, Plaintiff agreed to produce all documents requested in the motion,
9  with the exception of the following: (1) billing invoices for unrelated actions involving
10 Plaintiff's law firm and unrelated cases, (2) Dr. Dobie's retention letter in an unrelated
11 matter, (3) correspondence in unrelated matters, and (4) emails between Russell
12 Ingebritson, counsel for Plaintiff, and his staff. Dkt. 50 at 5. Defendant did not file a
13 reply.

14 Because no reply was filed, the Court concluded that BNSF "d[id] not contend that
15 the withheld documents are relevant to this matter." Dkt. 63 at 3. The Court therefore
16 denied the motion as to documents identified in Plaintiff's privilege log and otherwise
17 granted the motion. *Id.* The Court also questioned whether Court intervention was
18 necessary in light of Defendant's failure to dispute the relevancy of documents identified
19 in Plaintiff's privilege log. *Id.* BNSF now seeks reconsideration of that order. Dkt. 72.

## II. DISCUSSION

21 Motions for reconsideration are governed by Local Rule CR 7(h), which provides
22 as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny
> such motions in the absence of a showing of manifest error in the prior
> ruling or a showing of new facts or legal authority which could not have
> been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). BNSF seeks reconsideration on the basis of new facts. Dkt. 72.

As a threshold matter, BNSF is cautioned that a motion for reconsideration is not a substitute for filing a reply on the underlying motion. While BNSF professes to seek

ORDER - 2

reconsideration solely on the grounds of newly-discovered evidence, BNSF also "asks this Court to determine the sufficiency of Plaintiff's assertion of privileged documents associated with Dr. Robert A. Dobie." Dkt. 72 at 2. This matter was raised in Plaintiff's response on the motion to compel, yet BNSF elected not to address the issue in a reply. The request for reconsideration of the portion of the Court's order denying the motion to compel with respect to documents identified in Plaintiff's privilege log is therefore denied.

BNSF also seeks reconsideration on the grounds that BNSF has discovered additional materials relied upon by Robert A. Dobie in forming his opinion in this matter. Dkt. 72 at 1. Defendant's motion is accompanied by 60 pages of exhibits consisting of documents produced by Plaintiff pursuant to the Court's Order Granting in Part and Denying in Part Defendant's Motion to Compel Discovery of Documents Identified in Robert A. Dobie, M.D.'s Deposition (Dkt. 63). The precise nature of relief sought is unclear. BNSF appears to contend that the Court should compel production of these documents. The Court will not grant reconsideration to compel production of documents that are now in Defendant's possession. BNSF also appears to contend that documents produced pursuant to the Court's order reference other materials that have not been produced, but such underlying materials are identified only in the reply. *See* Dkt. 83. Defendant's Motion to Reconsider (Dkt. 72) is therefore denied.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Reconsider (Dkt. 72) is **DENIED**.

DATED this 16th day of May, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3